# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 09-820V
**Filed: August 23, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| JOHN LIBBY and KARLA STONE, as | * | UNPUBLISHED |
| parents and natural guardians of the minor, | * | |
| S.L., | * | Special Master Gowen |
| | * | |
| Petitioners, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Influenza Vaccine; |
| | * | Gross Motor Regression; Ataxia; |
| SECRETARY OF HEALTH | * | Speech Regression; Nystagmus; |
| AND HUMAN SERVICES, | * | Significant Aggravation of |
| | * | Pre-existing Neurodevelopmental |
| Respondent. | * | Disorder. |
| | * | |
| * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On November 25, 2009, John Libby and Karla Stone ("petitioners") filed a petition on behalf of their minor daughter, S.L., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of receiving an influenza ("flu") vaccination on November 28, 2006, S.L. suffered from gross motor regression, speech regression, nystagmus and ataxia, with subsequent aggravating sequelae lasting more than six months. Stipulation ¶ 2, 4, filed Aug. 23, 2016. Petitioners later alleged that S.L. suffered a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

significant aggravation of a pre-existing neurodevelopmental disorder that was due to a genetic mutation, and that she suffered the residual effects of this alleged significant aggravation for more than six months. Id. at ¶ 4.

On August 23, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that S.L. suffered from gross motor regression, speech regression, nystagmus, and ataxia, or any other injury or condition, as a result of her flu vaccination. Id. at ¶ 6. Respondent also denies that the flu vaccine caused S.L. to suffer a significant aggravation of any pre-existing injury or condition. Id. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

1) **A lump sum of $1,183,455.70, which amount represents compensation for first year life expenses ($88,455.70) and trust seed funds ($1,095,000.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of S.L.;**

2) **A lump sum of $500,000.00, which amount represents compensation for lost future earnings and pain and suffering combined, in the form of a check payable to petitioners as guardians/conservators of the estate of S.L. for the benefit of S.L. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of S.L.'s estate;**

3) **A lump sum of $50,000.00, which amount represents compensation for past unreimburseable expenses, in the form of a check payable to petitioners, John Libby and Karla Stone; and**

4) **An amount sufficient to purchase an annuity contract to provide the benefits described in paragraph 10 of the stipulation, to be paid to a life insurance company meeting the criteria described in paragraph 9.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).** Id. at ¶ 8.

The undersigned approves the requested amounts for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

               **s/ Thomas L. Gowen**
               Thomas L. Gowen
               Special Master

Case 1:09-vv-00820-UNJ   Document 150   Filed 09/19/16   Page 4 of 13

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN LIBBY and KARLA STONE, as parents and natural guardians of the minor, S.L., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 09-820V <br> Special Master Gowen <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, S.L., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.L.'s receipt of the flu vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. S.L. received her immunization on or about November 28, 2006.

3. The vaccine was administered within the United States.

4. Petitioners first alleged that S.L. suffered from "gross motor regression, speech regression, nystagmus and ataxia, . . . with subsequent aggravating sequelae lasting more than six months." Petitioners later alleged that S.L. suffered a significant aggravation of a pre-existing neurodevelopmental disorder that was due to a genetic mutation, and that she suffered the residual effects of this alleged significant aggravation for more than six months.

-1-

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of S.L. as a result of her condition.

6. Respondent denies that S.L. suffered from gross motor regression, speech regression, nystagmus and ataxia, or any other injury of condition, as a result of her immunization. Respondent also denies that the flu vaccine caused S.L. to suffer a significant aggravation of any pre-existing injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $1,183,455.70, which amount represents compensation for first year life care expenses ($88,455.70) and trust seed funds ($1,095,000.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of S.L.;

   b. A lump sum of $500,000.00, which amount represents compensation for lost future earnings and pain and suffering combined, in the form of a check payable to petitioners as guardians/conservators of the estate of S.L. for the benefit of S.L. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of S.L.'s estate;

   c. A lump sum of $50,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, John Libby and Karla Stone; and

   d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of S.L., pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee for the following items of compensation:

   a. For future unreimbursable United Health Maximum-Out-of-Pocket, Medicare Part B Premium, Medicare Advantage Premium, Medicare Advantage Maximum-Out-of-Pocket, Medigap, Medicare Part D, Baclofen, and Keppra expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,000.00 to be paid up to the anniversary of the date of judgment in year 2027. Then, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $6,529.60 to be paid up to the anniversary of the date of judgment in year 2070. Thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $3,422.70 to be paid for the remainder of S.L.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

   b. For future unreimbursable Physical Therapy, Occupational Therapy, and Speech Therapy expenses, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $480.00 to be paid for the remainder of S.L.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Satellite School expenses, beginning on the first anniversary of the date of judgment, an annual amount of $16,380.00 to be paid up to the anniversary of the date of judgement in year 2018. Then, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $10,530.00 to be paid up to the anniversary of the date of judgment in year 2022, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Therapeutic Riding expenses, beginning on the first anniversary of the date of judgment, an annual amount of $780.00 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Case Manager expenses, beginning on the first anniversary of the date of judgment, an annual amount of $950.00 to be paid up to the anniversary of the date of judgment in year 2041, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Rolling Walker expenses, on the anniversary of the date of judgment in year 2021, a lump sum of $83.70. Then, on the anniversary of the date of judgment in year 2026, a lump sum of $83.70, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Shower Chair expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $1,611.00. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $1,611.00. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $1,611.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Wheelchair and iPad accessory expenses, beginning on the first anniversary of the date of judgment, an annual amount of $107.81 to be paid for the remainder of S.L.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Lift Sling expenses, beginning on the anniversary of the date of judgment in year 2019, an annual amount of $150.00 to be paid up to the anniversary of the date of judgment in year 2040, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable iPad expenses, on the anniversary of the date of

judgment in year 2027, a lump sum of $390.00. Thereafter, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $78.00 to be paid for the remainder of S.L.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable Diaper, Body Wipe, Mattress Cover, Disposable Under-pad, and Glove expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,312.87 to be paid up to the anniversary of the date of judgment in year 2040. Thereafter, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $957.52 to be paid for the remainder of S.L.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

l. For future unreimbursable Home Health Aide, Respite Care and RN expenses, beginning on the first anniversary of the date of judgment, an annual amount of $31,624.00 to be paid up to the anniversary of the date of judgment in year 2022. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $55,544.00 to be paid up to the anniversary of the date of judgment in year 2025, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

m. For future unreimbursable Home Care and/or Residential Care expenses, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $219,000.00 to be paid up to the anniversary of the date of judgment in year 2065. Thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $219,000.00 to be paid for the remainder of S.L.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

n. For future unreimbursable Modified Van expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $45,375.00. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $45,375.00. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $45,375.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the trustee in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not

-5-

require that the payment be made in one annual installment. The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as S.L. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of S.L.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

-6-

U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of S.L., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of S.L.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made to petitioners until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of S.L.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of S.L. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of S.L. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of S.L., on behalf of themselves, S.L., and S.L.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.L. resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 28, 2006, as alleged by petitioners in a petition for vaccine compensation filed on or about November 25, 2009 in the United States Court of Federal Claims as petition No. 09-820V.

18. If S.L. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that S.L. suffered gross motor regression, speech regression, nystagmus and ataxia, or any other injury or condition, as a result of her flu immunization, or that S.L. suffered the significant aggravation of any pre-existing injury or condition as a result of her flu immunization.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of S.L.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ John M. Libby/*
JOHN LIBBY

PETITIONER:

*/s/ Karla Stone/*
KARLA STONE

ATTORNEY OF RECORD FOR
PETITIONER: *Christina Ciampolillo*
*Ronald C Homer by Rule 83.1(c)(2)*
RONALD C. HOMER, ESQ.
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves/*
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*/s/ for Narayan Nair/*
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
   Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Traci R. Patton by Glenn A. MacLeod/*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: 8/23/16

-10-